UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE HALLIWILL,

      Plaintiff,                                      Hon. Janet T. Neff

v.                                               Case No. 1:19-cv-197

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 47 years of age on his alleged disability onset date. (ECF No. 8-5, PageID.225). He successfully completed high school and worked previously as a floor layer. (ECF No. 8-2, PageID.51). Plaintiff applied for benefits on January 25, 2016, alleging that he had been disabled since June 26, 2015, due to cirrhosis of the

liver, arthritis, and "problems" with his left ankle. (ECF No. 8-5, 8-6, PageID.225-26, 253).

Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 8-3-5, PageID.93-223). Following an administrative hearing, ALJ Paul W. Jones, in an opinion dated May 17, 2018, determined that Plaintiff did not qualify for disability benefits. (ECF No. 8-2, PageID.45-53, 65-90). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.29-33). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age,

education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, - - - Fed. Appx. - - -, 2020 WL 97414 at *2 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from left ankle degenerative joint disease, degenerative disc disease, right knee tear, chronic liver disease, and peripheral artery disease, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 8-2, PageID.47-49).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he must be able to sit or stand at will; (2) he can only occasionally climb ladders, ropes, or scaffolds; (3) he can frequently balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; and (4) he can only occasionally be exposed to hazards. (*Id.*, PageID.49).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 2020 WL 97414 at *2. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

In this case, a vocational expert testified that there existed approximately 222,000 jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 8-2, PageID.72-73). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Plaintiff's RFC

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an

equivalent work schedule"). Plaintiff argues that he is entitled to relief because the ALJ's RFC determination is not supported by substantial evidence.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor," substituting his opinion for that of a medical professional, he is not required to tailor his RFC assessment to any particular opinion or item of evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

Plaintiff argues that the ALJ's RFC assessment fails to take into account his ambulation difficulties. The medical evidence, however, amply supports the ALJ's RFC assessment. Examination and testing of Plaintiff's knee and ankles consistently revealed "mild" or unremarkable findings. (ECF No. 8-7, 8-8, PageID.319, 337-38, 395, 456, 467, 541-43, 549, 557, 565-66, 568-70). While there is evidence that Plaintiff suffered a partial tear of the medical collateral ligament of his right knee, he consistently demonstrated a "normal" gait. (*Id.*, PageID.374-75, 383-84, 454-55, 585). X-rays of Plaintiff's lumbar spine revealed degenerative changes, but were otherwise unremarkable. (*Id.*, PageID.351-52).

One of Plaintiff's care providers noted that he "d[id] not have a good explanation for" the subjective symptoms Plaintiff alleged he was experiencing. (PageID.531). Moreover, while Plaintiff alleges that he requires a walker to ambulate, there is no indication that such was ever prescribed for Plaintiff. In short, Plaintiff's argument is that this Court should re-weigh the evidence and reach a different conclusion than the ALJ reached. As previously noted, however, this is not a valid basis for relief. Accordingly, this argument is rejected.

## II.  Medical Opinion Evidence

One of Plaintiff's care providers, Dr. Roger Morris, opined that Plaintiff's ability to perform work activities was more limited than the ALJ recognized. The ALJ, however, failed to afford controlling weight to the doctor's opinions. Plaintiff argues that he is entitled to relief because the ALJ failed to articulate good reasons for discounting the opinions of his treating physician.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Id.* at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Ibid.*

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

Dr. Morris reported that during an 8-hour workday, Plaintiff could not sit or stand/walk for any length of time. (ECF No. 8-7, PageID.366). The doctor also reported that Plaintiff could "never" lift/carry 10 pounds and could only "rarely" lift/carry less than 10 pounds. (*Id.*). Dr. Morris further reported that Plaintiff was "unable to sit" and "unable to work." (*Id.*). The doctor also reported that Plaintiff's pain and symptoms "constantly" interfere with his ability to perform even simple work tasks. (*Id.*, PageID.365). The ALJ afforded "little weight" to Dr. Morris' opinions on the ground that such were "unreasonably restrictive" and inconsistent

with the evidence. As the evidence discussed above reveals, the ALJ's assessment is supported by substantial evidence. Accordingly, this argument is rejected.

### III.     Plaintiff's Failure to Attend the Administrative Hearing

On or about September 28, 2017, Plaintiff was notified that an administrative hearing would be conducted on January 18, 2018, regarding his claim. (ECF No. 8-4, PageID.185). There is no indication in the record that Plaintiff ever requested that this hearing be adjournment or rescheduled. Plaintiff failed to appear at his administrative hearing, however. (ECF No. 8-3, PageID.67-69). Plaintiff's attorney informed the ALJ that he did not know why Plaintiff failed to appear. (*Id.*, PageID.68). The ALJ denied counsel's request for an adjournment of the hearing, but instead proceeded with the hearing, questioning the vocational expert who appeared. (*Id.*, PageID.68-69).

Following the administrative hearing, the ALJ mailed to Plaintiff a letter informing him that he "will need to show good cause if you still want to have a hearing with an [ALJ]." (ECF No. 8-4, PageID.214). The ALJ also provided Plaintiff a "Request to Show Cause for Failure to Appear Form." (*Id.*, PageID.215). Plaintiff responded that the people that had promised to drive him to the hearing backed out at the "last minute." (*Id.*, PageID.218). The ALJ found Plaintiff's rationale "insufficient to establish good cause" given that Plaintiff had been notified of the hearing date several months in advance. (ECF No. 8-2, PageID.45). Accordingly, the ALJ concluded that Plaintiff "constructively waived his right to testify." (*Id.*).

Plaintiff argues that the ALJ's failure to re-schedule the administrative hearing entitles him to relief. In support of this argument, Plaintiff cites to a regulation, 20 C.F.R. § 404.936(f), for the proposition that lack of transportation constitutes a valid reason to adjourn a hearing. As Defendant correctly notes, however, the regulation to which Plaintiff cites only applies to circumstances in which a claimant moves to adjourn an administrative hearing no later than five days *before* its scheduled date. 20 C.F.R. § 404.936(e).

When a claimant simply fails to appear for an administrative hearing, the ALJ is permitted to conduct the hearing as scheduled and then determine whether there exists good cause to conduct a supplemental hearing or instead conclude that the claimant waived his right to appear. *See, e.g., Neuzil v. Astrue*, 2013 WL 2445212 at *5 (M.D. Tenn., June 5, 2013) (citations omitted). In this context, good cause includes serious illness, death or serious illness of an immediate family member, being provided incomplete or incorrect information regarding the hearing, and "unusual or unavoidable" circumstances. *Id.* at *6 n.9.

The ALJ found that Plaintiff's rationale did not constitute good cause and Plaintiff has failed to identify any authority holding (or even suggesting) that the ALJ's conclusion in this regard was in error. While the Court is not unsympathetic to Plaintiff's circumstance, to find that his conduct constitutes good cause would only further tax the already limited resources of the Social Security Administration. The Court, therefore, rejects this argument.

### IV. The ALJ's Appointment

In *Lucia v. Securities and Exchange Commission*, 138 S.Ct. 2044 (2018), the Court held that Administrative Law Judges (ALJs) of the Securities and Exchange Commission (SEC) had to be appointed to their office in the manner proscribed by the Appointments Clause of the United States Constitution. *Id.*at 2049-55. Pursuant to the Appointments Clause, the ALJs in question were required to be appointed by the President, Courts of Law, or Heads of Departments. *Id.*at 2049-55. Absent such appointment, the ALJs employed by the SEC lacked the authority to perform their assigned tasks. *Id.* at 2049-55. Plaintiff argues that he is entitled to relief because the ALJ in this case was "improperly appointed."

Plaintiff concedes that he failed to raise this issue before the Commissioner, but argues that such is excusable because "this stage of the case [before this Court] is Plaintiff's first opportunity to raise this issue." Plaintiff concedes that *Lucia* was decided long before the Appeals Council denied his appeal of the ALJ's decision. Plaintiff has nevertheless failed to explain why the *Lucia* decision did not put him on notice of the need to assert his Appointments Clause challenge while his claim was still pending before the Commissioner.

In *Lucia*, the Court held that "one who makes a *timely challenge* to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Lucia*, 138 S.Ct. at 2055 (emphasis added). The Court found that Lucia was entitled to relief because he timely challenged the appointment of the

ALJ hearing his case by asserting such during the administrative process before the SEC. *Ibid.*

Lower federal courts have subsequently concluded that, based on *Lucia*, a Social Security claimant must raise the ALJ appointment issue before the Social Security Administration, otherwise such is untimely and, therefore, waived. *See, e.g., Nunez v. Saul*, 2020 WL 967475 at *11-14 (D. Conn., Feb. 28, 2020); *Hinds v. Saul*, 2020 WL 1043448 at *6-7 (N.D. Iowa, Mar. 4, 2020); *Koetje v. Commissioner of Social Security*, 2020 WL 1242578 at 4-5 (W.D. Mich., Mar. 16, 2020). These decisions are persuasive and consistent with the express holding in *Lucia*. As Plaintiff concedes that he asserted his Appointments Clause claim for the first time in this Court, the Court finds that Plaintiff has waived such. This argument is, therefore, rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: March 27, 2020        \_\_\_/s/ Phillip J. Green_____
PHILLIP J. GREEN
United States Magistrate Judge