UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE HALLIWILL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:19-cv-197

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) Benefits. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendant filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In his objections, Plaintiff identifies four issues for this Court's review.[1] First, Plaintiff argues that the Magistrate Judge "gave a limited overview of the medical evidence" (Pl. Obj., ECF

---

[1] To the extent Plaintiff attempts to present additional issues for the Court's review by "incorporat[ing] his previous briefs by reference" (ECF No. 23 at PageID.670), these "objections" are denied. Merely incorporating prior arguments, without directing the Court's attention to specific issues decided by the Magistrate Judge, does not constitute a valid objection to the

No. 23 at PageID.671). According to Plaintiff, "for the ALJ and the Magistrate to point to some allegedly normal findings at some appointments and still conclude that Plaintiff could perform work at the light exertional level is simply bereft of the support of substantial evidence, especially since *Love v. Commissioner of Social Security*, 605 F.Supp.2d 893 (W.D. Mich. 2009), held that light exertional work is incompatible with a finding that a plaintiff must use a cane" (*id.* at PageID.672).

Plaintiff's first objection is properly denied.

In *Love*, 605 F. Supp.2d at 907, the Court "found an RFC which limited a plaintiff to light work and further required a 'hand-held assistive device' for the plaintiff to ambulate was not supported by substantial evidence." As this Court has previously indicated, "the Court in *Love* did not conclude that the performance of light work was categorically incompatible with the use of a hand-held assistive device." *Gamble v. Comm'r of Soc. Sec.*, No. 1:18-cv-368, 2019 WL 4280177, at *6 n.2 (W.D. Mich. Aug. 16, 2019), report and recommendation adopted, 2019 WL 4276631 (W.D. Mich. Sept. 10, 2019) (quoting *Steig v. Comm'r of Soc. Sec.*, No. 1:18-cv-511, 2019 WL 2118794, at *7 (W.D. Mich. May 15, 2019). *See also Latham v. Comm'r of Soc. Sec.*, No. 16-cv-10690, 2017 WL 1173773, at *2 (E.D. Mich. Mar. 30, 2017) ("*Love* says nothing about the logic of the limitation of the use of a cane to ambulate and a limitation of carrying up to 10 pounds."); *Bates v. Comm'r of Soc. Sec.*, No. 1:15-cv-739, 2016 WL 4607566, at *3 (W.D. Mich. Sept. 6, 2016) ("[T]he Court discerns no reason why [p]laintiff cannot use a cane with one hand while

---

Magistrate Judge's Report and Recommendation. *See* W.D. Mich. LCivR 72.3(b); *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997); *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994). Rather, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

carrying objects with the other."). In short, the holding in *Love* does not compel a similar result in this case.

While Plaintiff may disagree with the result, the Magistrate Judge did not err in finding that the medical evidence in this case "amply supports the ALJ's RFC assessment" (R&R, ECF No. 22 at PageID.662). As the Magistrate Judge pointed out, Plaintiff's argument simply amounts to a request that the Court reweigh the evidence and reach a different conclusion (*id.* at PageID.663), which is not a proper basis for reversal. *See Luukkonen v. Comm'r of Soc. Sec.,* 653 F. App'x 393, 398 (6th Cir. 2016); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) ("If it is supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently.").

Plaintiff next indicates that "[t]he second issue is that the ALJ did not assign the proper weight to the opinion of Dr. Morris, who was Plaintiff's treating physician" (Pl. Obj., ECF No. 23 at PageID.673). A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). Plaintiff does not specifically identify any portion of the Magistrate Judge's proposed findings, recommendations or report to which this objection is made or the basis for such objection. Therefore, Plaintiff's second "objection" is denied.

The third issue Plaintiff identifies in his objections is "the issue of Plaintiff's inability to attend his hearing" (ECF No. 23 at PageID.673-674). Plaintiff characterizes the Magistrate Judge's analysis of this issue as "throw[ing] procedural due process out the window" and "extremely questionable" (*id.*). However, the Magistrate Judge did not disregard procedural due process but engaged in a thorough review of the facts and the governing regulations and case law

(R&R, ECF No. 22 at PageID.665-666). The Magistrate Judge concluded that Plaintiff had not shown that the ALJ erred in finding that Plaintiff's rationale for his failure to appear—a lack of transportation to the hearing—did not constitute "good cause" (*id.* at PageID.666). Specifically, the Magistrate Judge found that "Plaintiff has failed to identify any authority holding (or even suggesting) that the ALJ's conclusion in this regard was in error" (*id.*). Plaintiff's objection to the Report and Recommendation fails to demonstrate any factual or legal error by the Magistrate Judge. The objection is therefore properly denied.

Last, Plaintiff argues that the Magistrate Judge was "simply wrong" on "the issue under the recent United States Supreme Court Decision in Lucia v S.E.C., 138 St. Ct. 2044, 2055 (2018)" (ECF No. 23 at PageID.674). Plaintiff sought, for the first time on appeal, to challenge the appointment of the ALJ in this case, but the Magistrate Judge rejected Plaintiff's attempt as "waived," pointing out that the Supreme Court had held that "'one who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief" (R&R, ECF No. 22 at PageID.667-668, quoting *Lucia*, 138 S.Ct. at 2055 (citation omitted) (emphasis added)).

In his objections, Plaintiff argues that he "could not have raised this issue sooner" because "this case was decided by the Appeals Council after the decision in *Lucia* was released" (Objs., ECF No. 23 at PageID.674). Plaintiff's objection is misplaced. The Supreme Court issued its decision in *Lucia* on June 21, 2018, and Plaintiff filed his request for review by the Appeals Council on July 17, 2018 (Record, ECF No. 8-4 at PageID.219). As Defendant more fully points out in response (ECF No. 24 at PageID.679-682), neither the chronology of events nor Sixth Circuit case law governing forfeiture supports Plaintiffs' argument.

Accordingly:

4

**IT IS HEREBY ORDERED** that the Objections (ECF No. 23) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 22) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.


Dated:  May 12, 2020         /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge